UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JONTAN REVELS,<br><br>  Plaintiff,<br><br>  v.<br><br>RONALD JAMES EVANS, et al.,<br><br>  Defendants. | Case No.: 2:23-cv-01364-CDS-DJA<br><br>**ORDER**<br><br>**(ECF Nos. 5, 1)** |

    This action began with a pro se civil-rights complaint under 42 U.S.C. § 1983 submitted by state prisoner Jontan Revels together with an application to proceed *in forma pauperis*. (ECF Nos. 1-1, 1). Based on the financial information provided, the Court finds that Revels is unable to prepay the full filing fee in this action. (*See* ECF No. 1). On April 2, 2024, the Court screened the complaint under 28 U.S.C. § 1915A, allowing the Fourth Amendment unlawful-arrest and unlawful-pretrial-detention claim to proceed against Joe Lombardo and dismissing the Fourteenth Amendment claim about unsafe jail conditions with leave to amend. (ECF No. 3). The Court warned Revels that this action would proceed on only the Fourth Amendment unlawful-arrest and unlawful pretrial-detention claim against Lombardo if he did not file a first amended complaint by May 2, 2024. (*Id.* at 7).

    That deadline has expired, and Revels did not file a first amended complaint. Revels instead moves the Court to schedule an "Early Mediation Conference" and appoint him a free attorney. (ECF No. 5). But this action is not eligible for the Court's Inmate Early Mediation Program, and Revels has not shown that "exceptional circumstances" warranting the appointment of *pro bono* counsel exist. Revels's motion is therefore denied in all respects. And this action will proceed onto the normal litigation track as stated below.

I.     **MOTION FOR RELIEF (ECF NO. 5)**

    A.     **Revels's request to schedule a mediation conference is denied.**

Revels asks the Court to enter "an order granting him an 'Early Mediation Conference' in this action. (ECF No. 5 at 1). Revels appears to be referencing the Court's Inmate Early Mediation Program. Under that program, after screening the complaint the Court sends eligible § 1983 actions to mediate with a Court-appointed mediator. Generally, actions eligible for the inmate-mediation program raise constitutional claims about acts or omissions committed by officials or employees of the State of Nevada or its agencies, and it appears that both sides could have productive settlement discussions and save resources. The Court has permitted a claim to proceed against Joe Lombardo, who is the current Governor of Nevada. But the claim against Lombardo isn't in his capacity as Governor, rather, it arises out of events that allegedly happened while Lombardo was the Sheriff of Clark County, Nevada, and head of the Las Vegas Metropolitan Police Department. The Court thus declines to refer this action to the Court's Inmate Early Mediation Program.

To the extent Revels seeks an order scheduling a settlement conference or other alternative method of dispute resolution under Nevada LR 16-5, his request is premature. This action is still in the screening stage, the defendant has not been served with process under Federal Rule of Civil Procedure 4 or appeared, and the Court has not issued a scheduling order setting discovery and dispositive-motion deadlines. The parties are free to engage in private settlement discussions. However, Revels's request for the Court to schedule a mediation conference is denied.

    B.     **Revels's request for the appointment of counsel is denied.**

Revels moves the Court to find and appoint him a free attorney, arguing that he has a limited education and no legal training, the matters at issue are complex, and an attorney would be better equipped to investigate the facts. (ECF No. 5 at 3). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-rights actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C.

§ 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." But the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*. (cleaned up). "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

The reasons Revels proffers for why he cannot present his own case are not exceptional. *See, e.g., Wood v. Housewright,* 900 F.2d 1332, 1335–36 (9th Cir. 1990), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996), (concluding that lack of education and access to legal materials "are difficulties [that] any litigant would have in proceeding pro se; they do not indicate exceptional factors"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (concluding that the need for discovery "does not necessarily qualify the issues involved as 'complex'"; "[m]ost actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case" (cleaned up)). Moreover, Revels has demonstrated the ability to articulate the basis of his disputes pro se, and the matters at issue are not particularly complex.

The Court has allowed a Fourth Amendment claim about unlawful arrest and pretrial detention to proceed. That claim presents relatively straightforward issues about whether Revels was arrested on duplicate charges and remained in pretrial detention after the state court ordered him released back onto home arrest, and if Lombardo is liable for that arrest and detention. Also at issue is whether that claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), which does not appear to be an overly complex question. Revels has not shown that exceptional circumstances warranting the appointment of counsel exist. The motion for appointment of counsel is therefore denied without prejudice.

## II.     CONCLUSION

It is therefore ordered that the motion for early mediation and the appointment of counsel (ECF No. 5) is denied in all respects.

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 1) is granted. Revels will not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid under 28 U.S.C. § 1915(b)(2).

It is further ordered that Revels is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

It is further ordered that, under 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of **JONTAN J. REVELS, #1240794** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to (1) the Finance Division of the Clerk's Office and (2) the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

It is further ordered that, consistent with the Court's screening order (ECF No. 3), this action will proceed on the Fourth Amendment unlawful-arrest and unlawful-pretrial-detention claim against Joe Lombardo.

It is further ordered that service under Federal Rule of Civil Procedure 4 must be perfected within 90 days from the date of this order.

Consistent with Federal Rule of Civil Procedure 1's directive to construe, administer, and employ the Federal Rules of Civil Procedure in a manner "to secure the just, speedy, and inexpensive determination of every action[,]" the Court requests that defendant Joe Lombardo waive service of summons and of the complaint by executing, or having counsel execute, a Waiver of Service of Summons. *See* Fed. R. Civ. P. 4(d). The waiver must be filed with the Court within 30 days of the issuance of this order. If

Lombardo chooses to return the Waiver of Service of Summons, his answer or other appropriate response to the complaint (ECF No. 4) will be due within 60 days of the issuance of this order. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii); *see also* 42 U.S.C. § 1997e(g)(2).

It is further ordered that the Clerk of the Court will mail copies of (1) the complaint (ECF No. 4); and this order, which includes the Notice of Lawsuit and Request to Waive Service of Summons and the Waiver of Service of Summons form, to:

Defendant Joe Lombardo
c/o Las Vegas Metropolitan Police Department
400 S. Martin Luther King Blvd., Bldg. B
Las Vegas, NV 89106

DATED THIS 21st day of May 2024.

_____
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JONTAN REVELS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RONALD JAMES EVANS, et al.,<br><br>　　　　　Defendants. | Case No.: 2:23-cv-01364-CDS-DJA<br><br>**RULE 4 WAIVER OF SERVICE OF SUMMONS** |

To:　Defendant Joe Lombardo
　　　c/o Las Vegas Metropolitan Police Department
　　　400 S. Martin Luther King Blvd., Bldg. B
　　　Las Vegas, NV 89106

　　　A lawsuit has been filed against you or individuals/entities that you represent in this Court under the number shown above. A copy of the complaint (ECF No. 4) is attached. This is not a summons or an official notice from the Court. It is a request that—to avoid the cost of service by the United States Marshals Service—Defendant waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, Defendant must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent by the Court.

　　　If you file the signed waiver, the action will then proceed as if Defendant was served on the date the waiver is filed, but no summons will be served, and Defendant will have 60 days from the date this notice is sent to answer the complaint. If Defendant does not return the signed waiver within the time indicated, the Court will order the United States Marshals Service to personally serve the summons and the complaint on Defendant and may impose the full costs of such service. Please read the statement below about the duty to avoid unnecessary expenses.

　　　Dated: May 21, 2024

_____
UNITED STATES MAGISTRATE JUDGE

1

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and the first amended complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the Court has no jurisdiction over this matter or over a defendant or a defendant's property.

If the waiver is signed and filed, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must—within the time specified on the waiver form—serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the Court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JONTAN REVELS,<br><br>    Plaintiff,<br><br>v.<br><br>RONALD JAMES EVANS, et al.,<br><br>    Defendants. | Case No.: 2:23-cv-01364-CDS-DJA<br><br>**RULE 4 WAIVER OF SERVICE OF SUMMONS** |

To:    The United States District Court for the District of Nevada

Defendant acknowledges receipt of your request to waive service of summons in this case. Defendant also received a copy of the complaint (ECF No. 4). I am authorized by Defendant to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following be served with judicial process in the case provided by Rule 4 of the Federal Rules of Civil Procedure:_____.

The above-listed Defendant understands that he will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service. Defendant also understands that he must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was sent by the Court, and that default judgment will be entered against him if he fails to do so.

Date:_____                    _____
                                          Signature of attorney or unrepresented party

                                          _____
                                          Printed name

                                          _____
                                          Address

_____                  _____
Email address                             Telephone number

1