UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jontan Revels,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Joe Lombardo,<br><br>　　　　　　Defendant. | Case No. 2:23-cv-01364-CDS-DJA<br><br>**Order** |

　　　Before the Court is Plaintiff's motion for appointment of counsel (ECF No. 15) to which Defendant filed a response (ECF No. 20).  Also before the Court is Plaintiff's motion "requesting 'early mediation'" (ECF No. 16) to which Defendant filed a response (ECF No. 21).  Because the Court finds that Plaintiff has not demonstrated exceptional circumstances, it denies his motion for appointment of counsel.  Because Defendant does not agree to mediation, the Court denies Plaintiff's motion for early mediation.

　　**I.**　　**Motion for appointment of counsel.**

　　　Courts have authority to request that an attorney represent any person unable to afford counsel.  28 U.S.C. § 1915(e)(1).  Whether to appoint counsel is within the discretion of the district court and requires a showing of exceptional circumstances.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  To determine whether exceptional circumstances exist, courts consider the likelihood that the plaintiff will succeed on the merits as well as the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved."  *Id.*  Neither factor is dispositive, and both must be viewed together.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

　　　Here, Plaintiff has not demonstrated exceptional circumstances.  While he states that his claim is likely to succeed, his case is still at the early stages and so it is not clear at this stage that they are.  Additionally, while Plaintiff states that he has a limited education and knowledge of the

1  law, his motion for appointment of counsel is clear, concise, and demonstrates his ability to
2  articulate his claims.  The Court denies Plaintiff's motion for appointment of counsel without
3  prejudice.

4      **II.**    **Motion requesting "early mediation."**

5      Plaintiff moves the Court to grant an "early mediation conference."  (ECF No. 16).  He
6  includes no analysis or explanation regarding why a mediation is appropriate here.  This
7  explanation is particularly absent given the Court's prior explanation that this case is not
8  appropriate for the Inmate Early Mediation Program.  (ECF No. 7 at 2).  And Defendant has
9  opposed the request.  (ECF No. 21).  The Court thus finds that mediation would not be productive
10 and denies Plaintiff's motion.

12     **IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel
13 (ECF No. 15) is **denied without prejudice.**
14     **IT IS FURTHER ORDERED** that Plaintiff's motion for early mediation (ECF No. 16) is
15 **denied.**

17     DATED: September 5, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE