# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jontan Revels, | Case No. 2:23-cv-01364-CDS-DJA |
| Plaintiff, | |
| v. | **Order** |
| Joe Lombardo, | |
| Defendant. | |

Before the Court is Plaintiff's "motion/response to [15] motion for appointment of counsel." (ECF No. 25). Plaintiff appears to intend his filing to both be a reply in support of his initial motion for appointment of counsel, which motion the Court has already denied, and a renewed motion for appointment of counsel. However, because Plaintiff has still not shown exceptional circumstances, the Court denies his renewed motion for appointment of counsel.

Courts have authority to request that an attorney represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). Whether to appoint counsel is within the discretion of the district court and requires a showing of exceptional circumstances. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, courts consider the likelihood that the plaintiff will succeed on the merits as well as the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." *Id.* Neither factor is dispositive, and both must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, Plaintiff has not demonstrated exceptional circumstances. As in his initial motion, here, while he states that his claim is likely to succeed, his case is still at the early stages and so it is not clear at this stage that it is. Additionally, while Plaintiff claims to lack legal knowledge, that the person who has been helping him with his case will soon be released, and that his access to the law library is currently limited due to riot lockdowns, Plaintiff describes a situation that

many incarcerated litigants face. If Plaintiff faces difficulty articulating his claims after the individual assisting him is released, he may file a renewed motion at that time. And if lockdowns continue for a long enough time, that may also factor into the Court's analysis. But at this stage, where Plaintiff has not yet attempted to articulate his claims himself and where he describes the lockdowns as a temporary situation, the Court does not find that Plaintiff has demonstrated exceptional circumstances warranting the appointment of counsel.[1] The Court denies Plaintiff's motion for appointment of counsel without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 25) is **denied without prejudice.**

DATED: September 18, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff also adds that he has a "listed counsel of record" and asks for that individual to be his appointed counsel. (ECF No. 24 at 5). But this appears to be in a different case, potentially Plaintiff's criminal case, because Plaintiff is not represented in this one.