UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jontan Revels,

        Plaintiff

v.

Joseph Lombardo,

        Defendant

Case No. 2:23-cv-01364-CDS-DJA

**Order Granting Defendant's Unopposed Motion for Summary Judgment**

[ECF No. 35]

Incarcerated pro se plaintiff Jontan Revels brings this 42 U.S.C. § 1983 civil rights action against state prosecutor Ronald J. Evans and former Clark County Sheriff Joe Lombardo for alleged Fourth Amendment and Fourteenth Amendment violations. *See* Compl., ECF No. 1-1. Specifically, Revels alleges that the defendants allowed him to be arrested under a warrant stemming from a duplicate criminal case or charging document and to be booked into the Clark County Detention Center (CCDC) twice on the same charges. *Id.*

After screening the complaint, I determined that Revels' only cognizable claim was a Fourth Amendment claim against Lombardo arising from an alleged unlawful arrest and pretrial detention. Screening order, ECF No. 3 at 7.[1] Lombardo moves for summary judgment on that claim. Mot. for summ. j., ECF No. 35. Revels did not respond to the motion, and the time to do so has long passed.[2] For the reasons herein, I grant Lombardo's motion and kindly direct the Clerk of Court to close this case.

---

[1] I gave Revels leave to amend his complaint to cure the deficiencies identified in the screening order, ECF No. 3 at 6, but he did not file an amended complaint.

[2] Any opposition to the summary judgment was due on or before June 18, 2025. *See* Local Rule 7-2(b) ("The deadline to file and serve any points and authorities in response to a motion for summary judgment is 21 days after service of the motion.").

I.       Legal standard

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the [movant] is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). The court's ability to grant summary judgment on certain issues or elements is inherent in Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A fact is material if it could affect the outcome of the case. *Id.* at 249. At the summary-judgment stage, the court must view all facts and draw all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). The movant need only defeat one element of a claim to garner summary judgment on it because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

District courts may grant an unopposed motion for summary judgment if the movant's papers sufficiently support the motion and do not present on their face a genuine issue of material fact. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). The failure to oppose a motion for summary judgment does not permit the court to enter summary judgment by default, but the lack of a response is not without consequences. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). As Rule 56(e) explains, "[i]f a party fails . . . to properly address another party's assertion of fact[,] . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)–(3); *see also Heinemann*, 731 F.3d at 917. But the nonmoving party's failure to respond does not absolve the

moving party from its affirmative duty to demonstrate that it is entitled to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182–83 (9th Cir. 2003).

## II.    Background

In his complaint, Revels alleges that on October 6, 2022, he was arrested by a Las Vegas Metropolitan Police Department (LVMPD) officer, under a warrant stemming from duplicative a criminal case or charging document. ECF No. 1-1 at 3.[3] Revels claims he had already been arrested on that warrant and released by the state court in his criminal case. *Id.* at 4. As alleged, on October 13, 2022, the state court ordered that Revels be released to house arrest after finding he was arrested on a duplicate warrant. *Id.*

## III.    Discussion

Lombardo moves for summary judgment on four grounds: (1) Lombardo did not personally participate in Revels' arrest or incarceration, (2) probable cause existed for Revels' arrest, (3) Revels failed to establish any unconstitutional policy or procedural that resulted in his detainment, and (4) Revels failed to provide any evidence to support a municipal liability claim.[4] *See* ECF No. 35. Despite Revels' failure to respond to Lombardo's motion, at the summary-judgment stage, I must consider the merits of the underlying claims.

"To succeed on a § 1983 claim, a plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011) (citation omitted); *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976) (imposing liability "only for conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws.").

---

[3] Unless otherwise noted, citation to the complaint (ECF No. 1-1) is to provide context to this case, not to serve as a finding of fact.

[4] Although Lombardo also argues that any municipal liability claim would fail, Revels has not asserted any claim against a municipal entity, so the court does not address this argument herein.

However, in a § 1983 action, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). There is no vicarious "supervisory liability," because "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 677. A supervisor may be individually liable under § 1983 "if there exists either: '(1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (quoting *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991)).

### A.   Revels' unlawful arrest claim fails.

Lombardo argues that the record shows LVMPD Officer Alfonsi, not Lombardo, arrested Revels on the warrant, so there is no evidence he personally participated in his arrest or incarceration. ECF No. 35 at 5. Indeed, a review of Revels' declaration of arrest shows it was Officer Alfonsi, not Lombardo who arrested Revels. *See* Def.'s Ex. A, ECF No. 35-1. Because Lombardo cannot be held liable under supervisory liability, Lombardo is entitled to summary judgment on the claim alleging a violation of Revels' Fourth Amendment rights for his duplicative arrest.

This claim also fails for two additional reasons. First, the officer had probable cause to arrest Revels. "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was **without** probable cause or other justification." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015) (emphasis added) (quoting *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012)). "Probable cause exists when, under the totality of the circumstances known to the arresting officer[] . . ., a prudent person would believe [that] the suspect had committed a crime." *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 966 (9th Cir. 2001) (citing *United States v. Garza*, 980 F.2d 546, 550 (9th Cir. 1992)). "The existence of probable cause is not determined by an analysis of the . . . subjective certainty of the arresting officer, but

by an objective standard of reasonableness." *Smith v. United States*, 402 F.2d 771, 772 (9th Cir. 1968) (citing *Brinegar v. United States*, 338 U.S. 160 (1949)). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). And "[b]ecause probable cause is an objective standard, an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking." *District of Columbia v. Wesby*, 583 U.S. 48, 54 n.2 (2018) (citing *Devenpeck*, 543 U.S. at 153–55).

Here, the arresting officer had probable cause to arrest Revels for violating his house arrest by having contact with a female, which was prohibited, and for indecent exposure under NRS 201.220. ECF No. 35 at 7–8; *see also* Def.'s Ex. A, ECF No. 35-1. Indeed, the evidence supports Lombardo's argument. Revels was arrested at a children's park after officers encountered him in the back of a vehicle with that female, with both persons struggling to get their clothes on and to cover themselves. Def.'s Ex. A, ECF No. 35-1. The officer ran a records check on Revels and discovered he had an outstanding warrant for kidnapping, first degree robbery with a deadly weapon, and conspiracy to commit robbery. *Id.* at 2. The records check also revealed the no contact order with the female that was in the backseat of the car with Revels. *Id.* Thus, even if Revels was erroneously re-arrested on the robbery warrant, there was still probable cause to arrest him for violating the no contact order. *See Velazquez*, 793 F.3d at 1018 ("Probable cause exists when there is a fair probability or substantial chance of criminal activity.") (cleaned up). Thus, there is no evidence to show there was a constitutional violation, so Lombardo's motion for summary judgment on this ground is granted. Fed. R. Civ. P. 56(e)(2).

Second, this claim also fails because Revels' arrest warrant was facially valid. A determination of whether an officer is liable for false arrest turns on "whether the warrant was valid" and "whether the police officer's reliance on the warrant was nonetheless objectively reasonable." *Forster v. Cnty. of Santa Barbara*, 896 F.2d 1146, 1147–48 (9th Cir. 1990). *See Baker v. McCollan*, 443 U.S. 137, 142–45 (1979) (noting that a claim for wrongful detention absent a

cognizable claim for wrongful arrest will not ordinarily state an independent claim under § 1983); *Bretz v. Kelman*, 773 F.2d 1026, 1030–31 (9th Cir. 1985) ("An incorrect arrest does not provide grounds for a claim of deprivation of liberty without due process if the arrest was made pursuant to a valid warrant based upon probable cause." (citing *Baker*, 443 U.S. at 143–45)).

Lombardo argues that the warrant was facially valid in the eyes of the arresting officer, and there is no evidence to suggest, much less establish, that the arresting officer knew that Revels had already been arrested on the warrant. ECF No. 35 at 6. Indeed, while Revels' arrest was erroneous because it was duplicative, it was otherwise facially valid, so it does not give rise to a constitutional violation claim. *See Erdman v. Cochise County, Arizona*, 926 F.2d 877, 882 (9th Cir. 1991) ("The . . . arrest alone was not a constitutional violation because it was pursuant to a facially valid bench warrant."); *see also Baker*, 443 U.S. at 143–44 (generally no constitutional violation occurs through arrest based on facially valid warrant). Thus, Lombardo is entitled to summary judgment on this ground.

### B. Revels' unlawful detainment claim also fails.

Lombardo contends he is also entitled to summary judgment on Revels' claim that his delayed release from custody violated his Fourth Amendment rights. *See* ECF No. 35 at 8–10. Lombardo contends that he was not personally involved in that process, and Revels' delay in being released was due to COVID and "logistical challenges" related to the release process, not because of a deliberate indifference towards his due process rights. *Id.* At the time of Revels' arrest, the logistical problem was COVID, so the detention facility placed detainees who tested positive for COVID in 10-day quarantine. Exhibits to the motion demonstrate the Revels tested positive for COVID on October 26, 2022, and October 31, 2022. *See* Def.'s Ex. C, ECF No. 35-3.

### C. The is no evidence to show a genuine issue of material fact.

Revels did not file an opposition so there is no evidence before the court to show a genuine issue of material fact that Lombardo was personally involved in any alleged constitutional deprivation or that there is a sufficient causal connection between Lombardo's

alleged wrongful conduct and any constitutional violation. *See* Fed. R. Civ. P. 56(e)(2) ("If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."). Consequently, Lombardo is entitled to summary judgment, so his motion is granted.

IV.   Conclusion

IT IS THEREFORE ORDERED that Lombardo's motion for summary judgment **[ECF No. 35] is GRANTED**.

The Clerk of Court is kindly directly to enter judgment accordingly, and to close this case.

Dated: December 8, 2025

_____
Cristina D. Silva
United States District Judge